

FILED
APR 23 2008
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re:

ADOLFO SANCHEZ

    Debtor.

Case No. 07-30589-B-7

D.C. No. N/A

## MEMORANDUM DECISION

    On April 14, 2008, pro se debtor Adolfo Sanchez filed a request with the court (the "Ex Parte Request")(Dkt. 19). The Ex Parte Request includes a copy of a medical bill from Sutter General Hospital received by the debtor for services rendered between July 31, 2007 and August 1, 2007, and describes two other medical bills. According to the Ex Parte Request, the bills total $27,313.01. The Ex Parte Request requests that the case, which was closed on March 21, 2008, be reopened and that the court "put these charges on there." (Dkt. 19 at 1). The Ex Parte Request also requests a waiver of the fee required to reopen the bankruptcy case.

    The Ex Parte Request will be denied. First, pursuant to Local Bankruptcy Rule 5010-1, a motion to reopen a case shall contain a statement of the grounds for reopening the case, but shall not contain a request for any other relief. The debtor's

request that the court "put" charges "on" his case is improper when it is included with a request to reopen the case.

Second, and more importantly, the Ex Parte Request to reopen the case will be denied because it will not result in any relief to the debtor. The court construes the Ex Parte Request as a request to reopen the case to allow the debtor to amend his schedules to include previously omitted creditors. Allowing the debtor to do so in this case would not result in any relief to the debtor because this case is a "no-asset, no bar-date" case in which a deadline for filing proofs of claim was never set by the court, and the trustee's investigation of the debtor's assets did not uncover any non-exempt property that could be administered for the benefit of creditors. Generally, 11 U.S.C. § 523(a)(3)(A) governs the dischargeability of unscheduled debts. Section 523(a)(3)(A) excepts from discharge unscheduled debts that are not of the type described in Sections 523(a)(2), (a)(4) or (a)(6), where the creditor had no notice or actual knowledge of the case in time to file a timely proof of claim. Section 523(a)(3)(B) excepts from discharge debts that <u>are</u> of the type described in Sections 523(a)(2), (a)(4), or (a)(6), where the creditor had not notice or actual knowledge of the case in time to file a timely proof of claim or to timely file a request for a determination of the dischargeability of the debt. However, the Ninth Circuit recognizes an exception to the operation of Section 523(a)(3) in no-asset cases where no bar date has been set for filing proofs of claim. See <u>Beezley v. California Land Title Co. (In re Beezley)</u>, 994 F.2d 1433 (1992). The Ninth Circuit in that

case held that in no-asset, no bar-date cases, "after such a case has been closed, dischargeability is unaffected by scheduling, amendment of [the debtor's] schedules would thus have been a pointless exercise. . . . If the omitted debt is of a type covered by 11 U.S.C. § 523(a)(3)(A), it has already been discharged pursuant to 11 U.S.C. § 727. If the debt is of a type covered by 11 U.S.C. § 523(a)(3)(B), it has not been discharged, and is non-dischargeable . . . In sum, reopening here in order to grant [the debtor's] request would not have 'accord[ed] relief to' [the debtor]." Beezley, 994 F.2d at 1434 (citations omitted).

The same reasoning applies to the debtor's case here. If the debts omitted from the debtor's schedules are covered by 11 U.S.C. § 523(a)(3)(A), then they were discharged under 11 U.S.C. § 727 when the debtor received his discharge on March 18, 2008. If the debts omitted from the debtor's schedules are covered by 11 U.S.C. § 523(a)(3)(B), they were not discharged and are non-dischargeable; permitting the debtor to reopen the case and add them to his schedules now will not result in any change to this state of affairs. The court expresses no opinion as to whether the debts omitted from the debtor's schedules were or were not discharged, it only finds that reopening the case to permit the debtor to schedule them would not assist the debtor.

Because reopening the case to permit previously omitted debts to be added to the schedules will not result in any relief to the debtor, the Ex Parte Request's request to reopen the case will be denied. Because the request to reopen the case is

Case 07-30589    Filed 04/23/08    Doc 21

denied, the request for waiver of the fee required to reopen the case will be denied as moot.

The court will issue an order consistent with the foregoing decision.

Dated: APR 23 2008

Thomas C. Holman
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

Adolfo Sanchez
4851 Kokomo Dr #5128
Sacramento, CA 95835

DATED: 4/24/08     By: *Wendy Locke*
                        Deputy Clerk

EDC 3-070 (New 4/21/00)